UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. UNDERWRITERS INSURANCE COMPANY, | Case No.: 16-cv-9098-VM |
| Plaintiff, | CIVIL ACTION |
| - against – | **ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS-CLAIMS** |
| MALDONADO CONSTRUCTION CORP., PERSPECTIVE CONSTRUCTION CORP., MATTHEW BAIRD, ELIZABETH BAIRD, CHUBB INSURANCE COMPANY, MERRIMACK MUTUAL FIRE INSURANCE COMPANY a/s/o READE STREET TENANTS CORP., READE STREET TENANTS CORP., | *Filed Electronically* |
| Defendants. | |

The Defendants, Matthew Baird and Elizabeth Baird ("the "Bairds"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, by way of answer to U.S. Underwriters Insurance Company's ("U.S. Underwriters") Complaint (the "Complaint"), says as follows:

## THE PARTIES

1.      The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 of the Complaint.

2.      The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 of the Complaint.

3.      The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3 of the Complaint.

4.      The Bairds admit the allegations of Paragraph 4 of the Complaint.

5.      The Bairds are without knowledge or information sufficient to form a belief about

1

the truth of the allegations of Paragraph 5 of the Complaint.

6.      The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 of the Complaint.

7.      The Bairds admit the allegations of Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      The allegations of paragraph 8 of the Complaint set forth legal conclusions to which no response is required.

9.      The allegations of paragraph 9 of the Complaint set forth legal conclusions to which no response is required.

10.     The Bairds admit that they have claims against Maldonado. The remainder of the allegations of paragraph 10 of the Complaint set forth legal conclusions to which no response is required.

11.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11 of the Complaint.

## THE RELEVANT INSURANCE POLICY

12.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12 of the Complaint, but nonetheless the Policy speaks for itself.

13.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13 of the Complaint, but nonetheless the Policy speaks for itself.

14.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 of the Complaint, but nonetheless the Policy speaks

2

for itself.

15.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 of the Complaint, but nonetheless the Policy speaks for itself.

16.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of the Complaint, but nonetheless the Policy speaks for itself.

17.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 of the Complaint, but nonetheless the Policy speaks for itself.

18.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the Complaint, but nonetheless the Policy speaks for itself.

19.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the Complaint, but nonetheless the Policy speaks for itself.

20.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20 of the Complaint, but nonetheless the Policy speaks for itself.  , but nonetheless the Policy speaks for itself.

21.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21 of the Complaint, but nonetheless the Policy speaks for itself.

22.     The Bairds are without knowledge or information sufficient to form a belief about

3

the truth of the allegations of Paragraph 22 of the Complaint, but nonetheless the Policy speaks for itself.

23.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 of the Complaint, but nonetheless the Policy speaks for itself.

## THE UNDERLYING OCCURRENCE/CLAIMS/SUIT

24.     The Bairds admit that they sent notice to U.S. Underwriters and are without knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 24 of the Complaint.

25.     The Bairds admit that some of the claims at issue pertain to property damage caused by or arising from Maldonado's work.

26.     The Bairds admit that some of the claims at issue pertain to work performed by Maldonado at the Premises as Perspective's subcontractor.

27.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27 of the Complaint.

28.     The Bairds admit the some of the damages they sustained were the result of Maldonado's work.

29.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the Complaint.

30.     Answering paragraph 30, the Bairds admit that they have a liability policy with Pacific Indemnity Company.

31.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 of the Complaint, but upon information and belief

4

based upon a certificate of insurance provided, as of the date of the Occurrence on January 12, 2016 Perspective was insured by Arch Specialty Insurance Company under it's CGL Policy No. AGL-0022754-00, and not Chubb.

33.     Answering paragraph 32, the Bairds admit that they have a liability policy with Pacific Indemnity Company.

33.     Upon information and belief, the Bairds deny the allegations of Paragraph 33 of the Complaint.

34.     The Bairds deny will the allegations of Paragraph 34 of the Complaint.

35.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35 of the Complaint.

36.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36 of the Complaint.

37.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37 of the Complaint.

38.     The Bairds admit the allegations of Paragraph 38 of the Complaint.

39.     The Bairds admit the allegations of Paragraph 39 of the Complaint.

40.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40 of the Complaint.

41.     The Bairds are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41 of the Complaint.

42.     The Bairds admit the allegations of Paragraph 42 of the Complaint.

43.     The Bairds admit the allegations of Paragraph 43 of the Complaint to the extent the allegations are consistent with the allegations set forth in the Verified Complaint in the

Merrimack Action, which speaks for itself.

44.     The Bairds admit the allegations of Paragraph 44 of the Complaint to the extent the allegations are consistent with the allegations set forth in the Verified Complaint in the Merrimack Action, which speaks for itself.

45.     The Bairds admit the allegations of Paragraph 45 of the Complaint to the extent the allegations are consistent with the allegations set forth in the Verified Complaint in the Merrimack Action, which speaks for itself.

46.     The Bairds deny the allegations of Paragraph 46 of the Complaint.

## REQUEST FOR DECLARATORY JUDGMENT

I.     **NO COVERAGE IS AFFORDED TO MALDONADO, THE BAIRDS, PERSPECTIVE, CHUBB OR ANY OTHER PERSON OR ENTITY FOR THE CLAIMS AT ISSUE BY OPERATION OF THE POLICY PROVISIONS:**

47.     The Bairds repeat and restate each and every response above as if set forth more fully herein.

48.     The Bairds deny the allegations of Paragraph 48 of the Complaint.

49.     The Bairds deny the allegations of Paragraph 49 of the Complaint.

50.     The Bairds deny the allegations of Paragraph 50 of the Complaint.

51.     The Bairds deny the allegations of Paragraph 51 of the Complaint.

52.     The Bairds deny the allegations of Paragraph 52 of the Complaint.

53.     The Bairds deny the allegations of Paragraph 53 of the Complaint.

54.     The Bairds deny the allegations of Paragraph 54 of the Complaint.

55.     The Bairds deny the allegations of Paragraph 55 of the Complaint.

56.     The Bairds deny the allegations of Paragraph 56 of the Complaint.

57.     The Bairds deny the allegations of Paragraph 57 of the Complaint.

2248887v.2

58.     The Bairds deny the allegations of Paragraph 58 of the Complaint.

59.     The Bairds deny the allegations of Paragraph 59 of the Complaint.

60.     The Bairds deny the allegations of Paragraph 60 of the Complaint.

61.     The Bairds deny the allegations of Paragraph 61 of the Complaint.

## II.     RESCISSION OF THE U.S. UNDERWRITERS' POLICY IS WARRANTED

62.     The Bairds repeat and restate each and every response above as if set forth more fully herein.

63.     The allegations of Paragraph 63 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

64.     The allegations of Paragraph 64 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

65.     The allegations of Paragraph 65 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

66.     The allegations of Paragraph 66 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

67.     The allegations of Paragraph 67 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

68.     The allegations of Paragraph 68 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

69.     The allegations of Paragraph 69 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

70.     The allegations of Paragraph 70 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

2248887v.2

71.     The allegations of Paragraph 71 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

72.     The allegations of Paragraph 72 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

73.     The allegations of Paragraph 73 of the Complaint are not directed at the Bairds To the extent they are, the Bairds deny them.

74.     The allegations of Paragraph 74 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

75.     The allegations of Paragraph 75 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

76.     The allegations of Paragraph 76 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

77.     The allegations of Paragraph 77 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

78.     The allegations of Paragraph 78 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

79.     The allegations of Paragraph 79 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

80.     The allegations of Paragraph 80 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

81.     The allegations of Paragraph 81 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

82.     The allegations of Paragraph 82 of the Complaint are not directed at the Bairds.

8

To the extent they are, the Bairds deny them.

  83. The allegations of Paragraph 83 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

  84. The allegations of Paragraph 84 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

  85. The allegations of Paragraph 85 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

  86. The allegations of Paragraph 86 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

  87. The allegations of Paragraph 87 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

  88. The allegations of Paragraph 88 of the Complaint are not directed at the Bairds. To the extent they are, the Bairds deny them.

## AFFIRMATIVE DEFENSES

  As and for its affirmative defenses to the allegations in the Complaint, the Bairds say as follows:

  1. U.S. Underwriters's claims are barred, in whole or in part, to the extent it fails to state a cause of action upon which relief can be granted against the Bairds.

  2. U.S. Underwriters's claims are barred, in whole or in part, by the doctrine of laches, waiver and estoppel.

  3. U.S. Underwriters's claims are barred, in whole or in part, by the doctrine of unclean hands.

9

4.      U.S. Underwriters's claims are barred, in whole or in part, because U.S. Underwriters failed to join necessary parties, including one or more other named insureds and/or insurers.

5.      U.S. Underwriter's claims are barred, in whole or in part, because U.S. Underwriters would be unjustly enriched if it were allowed to recover any part of the relief sought in the Complaint.

6.      U.S. Underwriters's claims are barred, in whole or in part, because U.S. Underwriters has an adequate remedy at law.

7.      U.S. Underwriters's claims are barred, in whole or in part, because U.S. Underwriters failed to comply with contractual and/or statutory prerequisites to suit.

8.      Under the U.S. Underwriters Policy, U.S. Underwriters may not recover from the Bairds any form of damages or losses.

9.      U.S. Underwriters' claims are barred, in whole or in part, because U.S. Underwriters failed to take reasonable steps to prevent, minimize or mitigate its alleged losses.

10.     U.S. Underwriters' claims are barred because the policy it issued to Maldonado was illusory and against the public policy of the State of New York.

11.     U.S. Underwriters' claims are barred because the language upon which it relies to disclaim coverage is ambiguous and contrary to the reasonable expectations of Maldonado as the named insured and the Bairds as additional insureds.

12.     The Bairds reserves any and all rights and defenses and reserve their right to move for dismissal of the Complaint.

**WHEREFORE**, the Bairds respectfully request that judgment be entered in this action as follows:

10

a.    Dismissing the Complaint against the Bairds with prejudice in its entirety.

b.    Awarding the Bairds their costs of suit incurred herein, including such reasonable attorneys' fees as may be allowed by law; and

c.    Granting such other and further relief as this court deems just and proper.

## COUNTERCLAIMS

The Defendants/Counterclaim Plaintiffs Matthew Baird and Elizabeth Baird (the "Bairds"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, by way of Counterclaim against Plaintiff/Counterclaim Defendant U.S. Underwriters Insurance Company ("U.S. Underwriters") says as follows:

## JURISDICTION AND VENUE

1.    This Court has supplemental jurisdiction over the Bairds's Counterclaims pursuant to 28 U.S.C. § 1367 because the Counterclaims are so related to U.S. Underwriters's Complaint that they form part of the same case or controversy.

2.    Venue remains appropriate in this Court pursuant to 28 U.S.C. § 1391 because the Bairds reside in this district and a substantial part of the events giving rise to this Counterclaim arose in this district.

## ADDITIONAL RELEVANT FACTS

3.    At all relevant times herein, the Bairds were the owners of Unit 6E and Unit 5W located at 74-76 Reade Street, New York, New York.

4.    The Bairds entered into an agreement (the "Contract") with Perspective Construction Corp. ("Perspective") on or about October 14, 2015 to be the General Contractor of the construction project at 74-76 Reade Street Unit 6E and Unit 5W, New York, New York (the "Project").

5.    At all relevant times herein and pursuant to the Contract, Perspective was the

11

General Contractor of the Project.

6.     The Contract, as modified and/or amended by Exhibit A to the Contract, between the Bairds and Perspective provides in relevant part:

### ARTICLE 9 CONTRACTOR

\*          \*          \*

**§ 9.15 Indemnification**

**§ 9.15.1** To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner, Architect, Architect's consultants and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligation of indemnity which would otherwise exist as to a party or person described in this Section 9.15.1.

### ARTICLE 11 SUBCONTRACTORS

\*          \*          \*

**§ 11.1** A Subcontractor is a person or entity who has a direct contract with the Contractor to perform a portion of the Work at the site.

\*          \*          \*

**§11.3** Contracts between the Contractor and Subcontractor shall (1) require each Subcontractor, to the extent of the Work to be performed by the Subcontractor, to be bound to the Contractor by the terms of the Contract Documents, and to assume toward the Contractor all obligations and responsibilities, including the responsibility for safety of the Subcontractor's Work, which the Contractor, by the Contract Documents, assumes toward the Owner and Architect, and (2) allow the Subcontractor the benefit

12

of all rights, remedies and redress against the Contractor that the Contractor, by these Contract Documents, has against the owner.

**§11.3.1** Contracts between the Contractor and Subcontractor shall include the following provisions:

(a) To the fullest extent permitted by law, Subcontractor shall defend, indemnify and hold harmless Contractor, Owner, Architect, and the consultants, agents, employees, shareholders of any of them (each an "Indemnified Party") from and against all third-party claims, lawsuits, damages, losses and expenses (including but not limited to attorney's fees) arising out of, resulting from, or alleged to arises out of or result from, the performance of the Work.

(b) During the term of this Agreement, Subcontractor shall maintain, at its expense, with companies satisfactory to Owner and lawfully authorized to issue insurance in New York, the following insurance coverage:

*     *     *

(B) Primary Commercial General Liability Coverage ("CGL") with a per occurrence limit of at least $1,000,000 and a per location aggregate limit of not less then $1,000,000 placed with a carrier having an AM Best rating of "A-" or better and acceptable to Owner:

(i)     The CGL Policy shall be endorsed to provide coverage to Contractor, Owner, Architect, and the consultants, agents, employees, shareholders of any of them as "Additional Insured" and shall state that the insurance is primary and non-contributory to any other insurance maintained by an Additional Insured.

*     *     *

(C) Subcontractor shall maintain excess/umbrella liability insurance with aggregate limits of not less than $5,000,000. Such insurance shall provide coverage to Contractor, Owner, Architect, and the consultants, agents, employees, shareholders of any of them as "Additional Insured" and shall be specifically excess to the CGL Policy maintained by the Subcontractor but primary and non-contributory to any other insurance maintained by an Additional Insured.

13

*     *     *

## ARTICLE 17 INSURANCE AND BONDS

During the term of this Agreement, Contractor shall maintain, at its expense, with companies satisfactory to Owner and lawfully authorized to issue insurance in New York, the following insurance coverage:

*     *     *

(b) Primary Commercial General Liability Coverage ("CGL") with a per occurrence limit of at least $1,000,000 and a per location aggregate of not less than $1,000,000 and shall be placed with a carrier having an AM Best rating of "A-" or better and acceptable to Owner.

> (1)    The CGL Policy shall be endorsed to provide coverage to Owner, Architect, and the consultants, agents, employees, shareholders of any of them as "Additional Insured" and shall state that the insurance is primary and non-contributory to any other insurance maintained by an Additional Insured.

*     *     *

(c) Contractor shall maintain excess/umbrella liability insurance with aggregate limits of not less than $5,000,000. Such insurance shall provide coverage to Owner, Architect, and the consultants, agents, employees, shareholders of any of them as "Additional Insured" and shall be specifically excess to the CGL Policy maintained by the Contractor but primary and non-contributory to any other insurance maintained by an Additional Insured.

7.      Thereafter, Perspective entered into a subcontract (the "Subcontract") with Maldonado on or about October 16, 2015 in which Maldonado was to perform certain work at the Project.

8.      At all relevant times herein and pursuant to the Contract and Subcontract, Maldonado was the Subcontractor of the Project.

9.      The Subcontract between Perspective and Maldonado provides in relevant part:

### Article 11.  Indemnification

14

Subcontractor shall assume full responsibility for his/her/its employees, officers, agents and business invitees. Subcontractor hereby agrees to hold and save contractor harmless from and against any claim, demand, action or cause of action that may be asserted by any person arising out of injury or death suffered by any subcontractor's employees, agents and business invitees, including but not limited to, third party actions for injury or death otherwise covered under applicable workers compensation laws and regardless of the sole or concurring negligence of contractor.

### Article 12. Insurance

Subcontractor shall secure, pay for and maintain the following policies in full force and effect during the term of the agreement:

*     *     *

(3) Commercial General Liability Insurance with limits of $1,000,000 per occurrence Bodily Injury and Property Damage combined, $1,000,000 per occurrence Personal and Advertising Injury, $1,000,000 aggregate Products and Completed Operations Liability and $2,000,000 General (per project) Aggregate. The policy shall be written on an occurrence basis with no deductible.

The policy shall not contain exclusions relating to:

(a)   contractual liability
(b)   independent contractors
(c)   gravity related injuries
(d)   injuries sustained by employee of an insured or any insured

Policy shall be endorsed to name Contractor and Owner as "additional insured". Definition of additional insured shall include all Officers, Directors and Employees of the named entity. Further, coverage for the "additional insured" shall apply on a primary basis irrespective of any other insurance, whether collectible or not.

*     *     *

(5) Umbrella Liability Insurance for the total limit purchased by subcontractor of not less than a $5,000,000 limit providing excess coverage over all limits and coverages noted in paragraph 2, 3, 4 above. This policy shall be written on an "occurrence" basis.

15

(7) INDEMNIFICATION/HOLD HARMLESS

The subcontractor shall to the fullest extent permitted by law and at its own costs and expense, defend, indemnify and hold owner and contractor, their partners, directors, officers employees servants representatives and agents harmless from and against any and all claims, loss, (including attorneys' fees. witnesses' fees and all court costs), damages, expense and liability (including statutory liability) resulting from injury and/or death of any person or damage to or loss of any property arising out of any negligent or wrongful act, error or omission or breach of contract, in connection with the operations of the Subcontractor or its subcontractors. The foregoing indemnity shall include injury or death of any employee of the Subcontractor or its subcontractors and shall not be limited in any way by an amount of type of damages, compensation or employee benefits acts. The subcontractor agrees to waive its right of subrogation against the owner and contractor and their partners, directors, officers, employees, servants representatives and agents applicable to any claims brought by the Subcontractors employees.

10.     The Contract and the Subcontract each define the "Owner" as "Matthew Baird" and the "Contractor" as "Perspective Construction Corp."

11.     The Subcontract defines the "Subcontractor" as "Maldonado Construction Corp."

12.     On or about January 12, 2016, while Maldonado was filling in a void space on the Sixth Floor some concrete seeped through a hole onto the ceiling of the Fifth Floor, East Unit. The weight of the concrete caused the ceiling to collapse resulting in a sprinkler pipe that was inside the ceiling to break causing water to overflow throughout the building located at 74-76 Reade Street, New York, New York (the "Occurrence").

13.     As a result of the Occurrence, various unit owners of 74-76 Reade Street, New York, New York *and* the Reade Street Tenants Corp. have brought suit or are otherwise claiming damages and/or losses arising therefrom.

14.     U.S. Underwriters issued Commercial Liability Policy No. CL 3569540A to Maldonado for the policy period of December 23, 2015 to December 23, 216 (the "U.S.

16

Underwriters Policy").

15.     Under the U.S. Underwriters Policy, U.S. Underwriters agreed, among other things, to "pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages."

16.     The U.S. Underwriters Policy provides an Each Occurrence Limit of $1,000,000 and a General Aggregate Limit of $2,000,000.

17.     The Bairds have tendered their defense of all known Claimed Damages and/or Losses to U.S. Underwriters, Perspective and Maldonado which have been denied.

## FIRST COUNTERCLAIM
### DECLARATORY RELIEF
### (Counterclaim against U.S. Underwriters)

18.     The allegations of the preceding paragraphs above are hereby incorporated by reference as if set forth at length.

19.     U.S. Underwriters issued the U.S. Underwriters Policy insuring Maldonado, as set forth herein and/or in the Complaint, which was in force at the time of the Occurrence giving rise to the various claims for damages.

20.     Upon proper tender to U.S. Underwriters, U.S. Underwriters wrongfully denied defense and indemnification to Maldonado, Perspective and/or the Bairds.

21.     All conditions precedent, if any, set forth in the U.S. Underwriters Policy has either been satisfied or waived, or are the subject of estoppels.

22.     U.S. Underwriters has and continues to fail and/or refuse to honor its obligations to Maldonado, Perspective and/or the Bairds to provide defense and indemnification for all damages and losses arising from the Occurrence.

23.    The Bairds, as an additional insured and/or third-party beneficiary of the U.S. Underwriters Policy, dispute U.S. Underwriters's denials of coverage which are contrary to the applicable case law.

24.    Therefore, actual controversies exist with respect to U.S. Underwriters's obligations under the U.S. Underwriters Policy.

25.    Declaratory relief from this Court will terminate the dispute between and among the parties concerning U.S. Underwriters's defense and indemnity obligations arising from the U.S. Underwriters Policy.

26.    A judicial declaration is necessary to establish Maldonado's rights under the U.S. Underwriters Policy, and by extension, the rights of the Bairds as an additional insured and/or third-party beneficiary of the U.S. Underwriters Policy at issue, given the losses and damages suffered and sustained as a result of the Occurrence.

27.    The Bairds seek and are entitled to a declaration from this Court that the U.S. Underwriters Policy, as described herein, provide coverage to the Bairds as an additional insured and/or third-party beneficiary.

## SECOND COUNTERCLAIM
### BREACH OF CONTRACT
### (Counterclaim against U.S. Underwriters)

28.    The allegations of the preceding paragraphs above are hereby incorporated by reference as if set forth at length.

29.    The U.S. Underwriters Policy are binding contracts supported by consideration.

30.    The Bairds are additional insured under the U.S. Underwriters Policy.

31.    Under the U.S. Underwriters Policy, U.S. Underwriters has a duty to defend and indemnify the Bairds for damages that are covered under the U.S. Underwriters Policy and a

18

duty to provide a defense and pay the defense costs incurred in defending the Bairds against the Claimed Damages and/or Losses.

32.     The Bairds properly gave notice and tendered their defense, and demanded coverage as an insured under the U.S. Underwriters Policy.

33.     The Bairds complied with all conditions precedent and duties required of it under the U.S. Underwriters Policy.

34.     U.S. Underwriters breached its duties and obligations under the U.S. Underwriters Policy and failed and wrongly refused to provide a defense and indemnification.

35.     As a result of these breaches, the Bairds have suffered compensatory, incidental, and consequential damages, including but not limited to attorneys' fees and costs.

**THIRD COUNT**
**ATTORNEYS' FEES**
**(Counterclaim against U.S. Underwriters)**

36.     The allegations of the preceding paragraphs above are hereby incorporated by reference as if set forth at length.

37.     By commencing the within action against the Bairds, U.S. Underwriters has cast the Bairds in a defensive posture to attempt to avoid its obligations under the U.S. Underwriters Policy.

38.     Because U.S. Underwriters placed the Bairds in a defensive posture, under the doctrine of *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12 (1979), U.S. Underwriters is obligated to reimburse the Bairds for all of their attorneys' fees, costs and disbursements incurred defending and prosecuting this action.

**WHEREFORE**, the Bairds respectfully request that judgment be entered in this action as follows:

19

2248887v.2

a.    A declaration that the Bairds are entitled to a defense and indemnification from U.S. Underwriters under its Commercial Liability Policy No. CL 3569540A issued to Maldonado for the policy period of December 23, 2015 to December 23, 2016 for all claims, payments, expenses and attorneys fees incurred relating to the January 12, 2016 Occurrence;

b.    On Count Two, awarding the Bairds compensatory, incidental and consequential damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs;

c.    On Count Three, awarding the Bairds their attorneys' fees, costs and disbursements defending and prosecuting this action; and

d.    Granting such other and further relief as this court deems just and proper.

## CROSS-CLAIMS

The Defendants/Cross-claimants, Matthew Baird and Elizabeth Baird (the "Bairds"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, by way of Cross-claim against Defendants Perspective Construction Corp. ("Perspective") and Maldonado Construction Corp. ("Maldonado"), says as follows:

## FIRST CROSS-CLAIM
### (Cross-claims against Perspective and Maldonado for Contractual Indemnification)

1.    The allegations of the preceding paragraphs, numbered 1 through 44 of the counterclaim, are hereby incorporated by reference as if set forth more fully herein.

2.    Under the terms and conditions of the Contract, Perspective, as the Contractor, is required to indemnify and hold harmless the Bairds, as the Owner, "from and against claims, damages, losses and expenses, including but not limited to attorneys' fees," arising out of or resulting from performance of Perspectives duties under the Contract.

3.    Under the terms and conditions of the Subcontract, Maldonado, as the Contractor, is required to indemnify and hold harmless the Bairds, "from and against any and all claims, loss, (including attorneys' fees. witnesses' fees and all court costs), damages, expense and liability (including statutory liability) resulting from … damage to or loss of any property" arising out of

the performance or nonperformance of Maldonado's duties under the Subcontract.

## SECOND CROSS-CLAIM
### (Cross-claims against Perspective and Maldonado for Insurance Obligations)

4.     The allegations of the preceding paragraphs, numbered 1 through 44 of the counterclaim and number 1 through 3 of the cross-claims, are hereby incorporated by reference as if set forth more fully herein.

5.     Under the terms and conditions of the Contract, Perspective, as the Contractor, was required to provide general liability insurance in the amount of at least $1.0 million per occurrence and excess coverage in the amount of no less than $5.0 million in the aggregate naming the Bairds as the owner and as the additional insureds, and further required that said policies be primary and non-contributory.

6.     Under the terms and conditions of the Subcontract, Maldonado, as the Subcontractor, was required to provide general liability insurance in the amount of at least $1.0 million per occurrence and excess coverage in the amount of no less than $5.0 million in the aggregate naming the Bairds as the owner and as the additional insureds, and further required that said policies be primary and non-contributory.

## THIRD CROSS-CLAIM
### (Cross-claims against Perspective and Maldonadofor Breach of Contract)

7.     The allegations of the preceding paragraphs, numbered 1 through 44 of the counterclaim and number 1 through 6 of the cross-claims, are hereby incorporated by reference as if set forth more fully herein.

8.     The Bairds have tendered their defense and indemnification to Perspective and Maldonado based upon both the contractual indemnification and additional insured obligations owed by Perspective and Maldonado to the Bairds under the Contract and/or Subcontract.

9.      Neither Perspective nor Maldonado have accepted the tender of the defense and indemnity of the Bairds for the primary and non-contributory additional insured coverage under either Perspective's or Maldonado's $1.0 million dollar primary policies, as required by the Contract and Subcontract.

10.     Neither Perspective nor Maldonado have accepted the tender of the defense and indemnity of the Bairds for the primary and non-contributory additional insured coverage under either Perspective's or Maldonado's $5.0 million dollar excess policies, as required by the Contract and Subcontract.

11.     The failure of Perspective and/or Maldonado to accept the tender of the Bairds and provide the Bairds with a defense and indemnity as additional insureds under their primary and excess policies constitutes a breach of the Contract and/or a breach of the Subcontract.

12.     As a result of these breaches, the Bairds have sustained damages and will continue to sustain damages for which Perspective and Maldonado are jointly and severally responsible and liable.

**WHEREFORE**, the Bairds respectfully request that judgment be entered in this action as follows:

a.      Dismissing the Complaint against the Bairds with prejudice in its entirety;

b.      On the First Cross-claim: (a) Declaring and determining that Perspective and Maldonado are obligated to defend, indemnify and hold harmless the Bairds; (b) Awarding the Bairds their direct and consequential damages, including any damages which they incur as a result of the Claimed Damages and/or Losses; and (c) Awarding the Bairds defense costs and expenses, including reasonable attorneys' fees associated with this litigation;

c.      On the Second Cross-Claim: (a) declaring and determining that the Bairds are entitled to primary and excess insurance coverage under commercial general liability and excess policies available to Perspective and/or Maldonado for the Claimed Losses and/or Damages; (b) declaring and determining that the Bairds are entitled to indemnification under the primary and excess commercial general

22

liability insurance coverage available to Perspective and/or Maldonado for the Claimed Losses and/or Damages; (c) Declaring and determining that the Bairds are entitled to past, present and future attorneys fees and expenses incurred for the defense of this lawsuit and the defense of the Claimed Losses and/or Damages under the primary and excess commercial general liability insurance coverage available to Perspective and/or Maldonado;

d.  On the Third Cross-claim: (a) Declaring and determining that Perspective breached the insurance procurement requirements of the Contract; (b) Declaring and determining that Maldonado breached the insurance procurement requirements of the Subcontract; (c) Awarding the Bairds defense costs and expenses, including reasonable attorneys' fees associated with this litigation and the Claimed Damages and/or Losses; (d) Awarding the Bairds all damages they have sustained by virtue of Perspective's breached of the Contract and/or Maldonado's breaches of the Subcontract, include the payment of any settlement by or judgment against the Bairds and any expenses and attorneys fees incurred by or on behalf of the Bairds; and

e.  Granting such other and further relief as this court deems just and proper.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP


By:     *s/Mark R. Vespole*
MARK R. VESPOLE
*Attorney for Defendants*
*Matthew and Elizabeth Baird*
200 Campus Drive
Florham Park, New Jersey 07932
973-624-0800
Mark.Vespole@wilsonelser.com

2248887v.2