UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
U.S. UNDERWRITERS INSURANCE COMPANY,

                                    Plaintiff,          Doc. No.: 16-cv-9098 (VM)

             - against -                       **AMENDED**
                                           **COMPLAINT**

MALDONADO CONSTRUCTION CORP., PERSPECTIVE
CONSTRUCTION CORP., MATTHEW BAIRD, ELIZABETH
BAIRD, CHUBB INSURANCE COMPANY, MERRIMACK
MUTUAL FIRE INSURANCE COMPANY a/s/o READE
STREET TENANTS CORP., READE STREET TENANTS
CORP. , STATE FARM FIRE AND CASUALTY COMPANY
a/s/o JAMES FORMAN and CORBY BAUMAN, JAMES
FORMAN, CORBY BAUMAN, USAA CASUALTY
INSURANCE COMPANY a/s/o CHRISTINA ALLEN,
CHRISTINA ALLEN, LIBERTY MUTUAL FIRE INSURANCE
COMPANY a/s/o R.C. UNGER, R.C. UNGER, MATTHEW
BAIRD ARCHITECTS, P.L.L.C. and SEVERUD ASSOCIATES
CONSULTING ENGINEERS, P.C.

                                    Defendants.

-------------------------------------------------------------------------------X

      Plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY ("U.S. Underwriters" or

the "Plaintiff"), by and through its attorneys, Miranda Sambursky Slone Sklarin Verveniotis

LLP, complaining of the defendants, alleges, upon information and belief, as follows:

## THE PARTIES

1.     At all relevant times, Plaintiff, U.S. Underwriters was, and still is, a corporation duly

organized and existing under and by virtue of the laws of the State of Pennsylvania, with its

principal place of business located at 1190 Devon Park Drive, Wayne, Pennsylvania 19087.

2.     At all relevant times, the defendant MALDONADO CONSTRUCTION CORP.

("Maldonado") was and still is a corporation, partnership and/or limited liability company

organized and existing under and by virtue of the laws of the State of New York, with is

principal place of business located at 299 Saint Nicholas Avenue, 2nd Floor, Ridgewood, New York 11385.

3.      At all relevant times, the defendant PERSPECTIVE CONSTRUCTION CORP. ("Perspective") was and still is a corporation, partnership and/or limited liability company organized and existing under and by virtue of the laws of the State of New York, with is principal place of business located at 43-23 40th Street, Apartment 3M, Sunnyside, New York 11104.

4.      At all relevant times, the defendants, MATTHEW BAIRD and ELIZABETH BAIRD (hereinafter collectively referred to as the "Bairds") were and still are residents of the State of New York, New York County, residing at 74-76 Reade Street, New York, New York 10007.

5.      At all relevant times, the defendant CHUBB INSURANCE COMPANY ("Chubb") was and still is a corporation, partnership and/or limited liability company organized and existing under and by virtue of the laws of the State of New York, with is principal place of business located at 55 Water Street, New York, New York 10041.

6.      At all relevant times, the defendant MERRIMACK MUTUAL FIRE INSURANCE COMPANY ("Merrimack") was and is still a corporation, partnership and/or limited liability company organized and existing under and by virtue of the laws of the State of Massachusetts, with its principal place of business located at 95 Old River Road, Andover, Massachusetts 01810.

7.      At all relevant times, the defendant READE STREET TENANTS CORP. ("Reade Street") was and still is a corporation, partnership and/or limited liability company organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 74 Reade Street, New York, New York 10007.

8.    At all relevant times, the defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm") was and still is a corporation, partnership and/or limited liability company organized and existing under and by virtue of the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710.

9.    At all relevant times, the defendants, JAMES FORMAN and CORBY BAUMAN ("Forman and Bauman") were and still are residents of the State of New York, New York County, residing at 74 Reade Street, Apartment 5E, New York, New York 10007.

10.    At all relevant times, the defendant USAA CASUALTY INSURANCE COMPANY ("USAA") was and still is a corporation, partnership and/or limited liability company organized and existing under and by virtue of the laws of the State of Texas, with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 78288.

11.    At all relevant times, the defendant CHRISTINA ALLEN was and still is a resident of the State of New York, New York County, residing at 74 Reade Street, Apartment 1E, New York, New York 10007.

12.    At all relevant times, the defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual") was and still is a corporation, partnership and/or limited liability company organized and existing under and by virtue of the laws of the State of Wisconsin, with its principal place of business located at 175 Berkley Street, Boston, Massachusetts 02116-5066.

13.    At all relevant times, the defendant R.C.UNGER ("Unger") was and still is a resident of the State of New York, New York County, residing at 74 Reade Street, Apartment 4E, New York, New York 10007.

14.    At all relevant times, the defendant MATTHEW BAIRD ARCHITECTS, P.L.L.C. ("MBA") was and still is a corporation, partnership, limited liability company and/or a

3

professional service limited liability company organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 289 Hudson Street, 2nd Floor, New York, New York 10013.

15.     At all relevant times, the defendant SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C. ("Severud") was and still is a corporation, partnership, limited liability company and/or a domestic professional corporation organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 469 Seventh Avenue, Suite 900, New York, New York 10018.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332.

17.     Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the defendants the Bairds, Chubb, Reade Street, Forman, Bauman, Allen, Unger, MBA and Severud reside in this district, the work that gave rise to the claim was performed in this district, the real property on which the work was performed is in this district, the claims at issue arose in this district, and related litigation is currently pending in State court within this jurisdiction.

18.     An actual justiciable controversy exists between the parties as to the coverage afforded under an insurance policy issued by U.S. Underwriters to Maldonado, as applicable to claims made, or upon information and belief which have or will be made, by the Bairds, Perspective, Chubb, and/or Merrimack as subrogee of Reade Street, Reade Street, State Farm, as subrogee of Forman and Bauman, Forman, Bauman, USAA as subrogee of Allen, Allen, Liberty Mutual as subrogee of Unger, MBA and/or Severud as against Maldonado.

19.     Plaintiff has no adequate remedy at law.

### THE RELEVANT INSURANCE POLICY

20.     U.S. Underwriters issued Commercial Liability Policy No. CL 3569540A to Maldonado

for the policy period of December 23, 2015 to December 23, 2016 (the "Policy"). A copy of the

Policy is attached as Exhibit A.

21.     The Policy's Declarations Page, CL 150, contains the following classifications regarding

the type of work performed by Maldonado: 1) "Carpentry-interior", and  2) "Painting-interior-

building or structures".

22.     The Policy also contains the following Classification Limitation Endorsement:

### CLASSIFICATION LIMITATION ENDORSEMENT

Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.

No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

*See* Form L-232s.

23.     The Policy also contains the following Absolute Professional Liability Exclusion:

### ABSOLUTE PROFESSIONAL LIABILITY EXCLUSION

This policy does not insure against loss or expense, including but not limited to the cost of defense, arising out of or resulting from, directly or indirectly, the rendering of or failure to render professional services of any kind, or any error or omission, malpractice or mistake in the rendering of professional services of any kind, committed or alleged to have been committed by or on behalf of any insured.

This exclusion applies to all loss sustained by any person, including emotional distress, whether alleged, threatened or actual including but not limited to negligence or other wrongdoing with respect to:

    a. Hiring, placement, employment, training, supervision or retention of a person for whom any Insured is or ever was legally responsible; or

    b. Investigation or reporting to the proper authorities, or failure to so report; or

    c. The failure to protect any person while that person was in the Insured's care, custody or control.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

*See* Form L-549.

24.    The Policy also contains the following Operations Covered by a Consolidated (Wrap-Up) Insurance Program Exclusion:

### EXCLUSION-OPERATIONS COVERED BY A CONSOLIDATED (WRAP-UP) INSURANCE PROGRAM

The following is added to Sub-section 2, Exclusions in COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY, and COVERAGE C – MEDICAL PAYMENTS:

This insurance does not apply to "bodily injury" or "property damage" or "personal and advertising injury" arising out of either your ongoing operations or operations included within the "products-completed operations hazard" under a consolidated (wrap-up) insurance program that has been provided by a prime and/or general contractor and/or project manager, and/or owner of a construction project in which you are involved.

This exclusion applies whether or not the consolidated (wrap-up) insurance program:

(1) Provides coverage identical to that provided by the above referenced Coverage Parts;
(2) Has limits adequate to cover any or all claims;
(3) Remains in effect; or
(4) Excludes coverage provided under the above referenced Coverage Parts.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

*See* Form L-695.

25.     Additionally, the Policy contains the following Contractual Liability exclusion:

**2. Exclusions**

**a.   Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or
**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

*See* Form CG0001, Pg. 2.

26.     The Policy defines the term "insured contract" pursuant to a Contractual Liability

Limitation endorsement, which reads:

**CONTRACTUAL LIABILITY LIMITATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:

7

"Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement.

*See* Form CG2139.

27.     The Policy contains the following Damage to Property exclusion:

**j. Damage To Property**

"Property damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

8

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III - Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

*See* Form CG0001, Pg. 4-5.

28.     The Policy also contains the following Damage to Your Product exclusion:

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

*See* Form CG0001, Pg. 5.

29.     The Policy then contains the following Damage to Your Work exclusion:

**l.   Damage To Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in the "products- completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

*See* Form CG0001, Pg. 5.

30.     The Policy also contains the following Damage to Impaired Property or Property Not

Physically Injured exclusion:

### m. Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

*See* Form CG0001, Pg. 5.

31.     The Policy also contains the following Recall of Products, Work or Impaired Property

exclusion:

### n. Recall Of Products, Work Or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

*See* Form CG0001, Pg. 5.

### THE UNDERLYING OCCURRENCE/CLAIMS/SUITS

32.     In 2016, U.S. Underwriters received notice of a claim for property damage submitted by

the Bairds, Perspective and/or Chubb as against Maldonado.

33.     The claims pertained to property damage alleged to have been caused by and arising from Maldonado's work in performing construction, demolition, renovation, repair or other work on or about January 12, 2016 at 74-76 Reade Street, New York, New York (the "Premises").

34.     The claims pertained to work performed by Maldonado at the Premises as a subcontractor of Perspective, which in turn had been retained by the Bairds.

35.     Subsequent to learning of the claim for property damage submitted by the Bairds, Perspective and/or Chubb, U.S. Underwriters became aware of claims for property damage asserted against Maldonado by State Farm, Forman, Bauman, USAA, Allen, Liberty Mutual and Unger arising out of the work performed by Maldonado.

36.     Upon information and belief a claim for personal injuries has been or will be asserted against Maldonado and others that arises out of the work performed by Maldonado and/or Perspective.

37.     Upon information and belief, Maldonado's work at the Premises included, but was not limited to, demolition work, roof removal, construction of a temporary wall, demolition of a brick wall, concrete pouring, removal of a skylight, roof patching, door and subflooring installation, and floor installation.

38.     Upon information and belief MBA was the architect responsible for developing the scope and extent of all construction, demolition, renovation, repair, or other work to be performed at the premises.

39.     Upon information and belief MBA was the architect responsible for preparing all plans, specifications, schematics or drawings depicting or outlining the scope and extent of all construction, demolition, renovation, repair or other work to be performed at the premises.

40.     Upon information and belief MBA was the architect responsible for the oversight, supervision, control, management and direction of the work of Perspective and Maldonado at the Premises.

41.     Upon information and belief Severud was the consulting engineer responsible for ensuring the structural integrity of all construction, demolition, renovation, repair or other work to be performed at the premises.

42.     Upon information and belief Severud was the consulting engineer responsible for the oversight, supervision, control, management and direction of the work of Perspective and Maldonado at the Premises.

43.     The Bairds claim to have sustained damage as a result of the work of Maldonado and/or Perspective.

44.     Forman and Bauman claim to have sustained damage as a result of the work of Maldonado and/or Perspective.

45.     Unger claims to have sustained damage and personal injuries as a result of the work of Maldonado and/or Perspective.

46.     Allen claims to have sustained damage as a result of the work of Maldonado and/or Perspective.

47.     Perspective claims to have sustained damage, or face claims, as a result of the work of Maldonado.

48.     Upon information and belief, Chubb issued a policy of insurance to the Bairds.

49.     Upon information and belief, Chubb issued a policy of insurance to Perspective.

50.     Upon information and belief, Chubb insured the Bairds under a homeowner's liability policy.

51.    Upon information and belief, Chubb insured Perspective for the work at issue.

52.    Upon information and belief, Chubb insured the Bairds under a policy issued to Perspective.

53.    Upon information and belief, State Farm insured Forman and Bauman under a policy of insurance that provided coverage for damage to property and the loss of use of property.

54.    Upon information and belief, USAA insured Allen under a policy of insurance that provided coverage for damage to property and the loss of use of property.

55.    Upon information and belief, Liberty Mutual insured Unger under a policy of insurance that provided coverage for damage to property and the loss of use of property.

56.    Upon information and belief, Merrimack issued a policy of insurance to Reade Street Tenants Corporation (Reade Street) which owned the Premises.

57.    Chubb claims to have paid for property damage and other loss at the Premises.

58.    State Farm claims to have paid for property damage and other loss to the property of Forman and Bauman.

59.    USAA claims to have paid for property damage and other loss to the property of Allen.

60.    Liberty Mutual claims to have paid for property damage and other loss to the property of Unger.

61.    Chubb claims to have sustained damage as a result of the work of Maldonado.

62.    State Farm claims to have sustained damage as a result of the work of Maldonado.

63.    USAA claims to have sustained damage as a result of the work of Maldonado.

64.    Liberty Mutual claims to have sustained damage as a result of the work of Maldonado.

65.    Chubb claims to have rights in subrogation to pursue Maldonado for damages paid.

66.    State Farm claims to have rights in subrogation to pursue Maldonado for damages paid.

67.   USAA claims to have rights in subrogation to pursue Maldonado for damages paid.

68.   Liberty Mutual Chubb claims to have rights in subrogation to pursue Maldonado for damages paid.

69.   The Bairds have asserted a claim to recover damages as a result of the work of Maldonado.

70.   Forman and Bauman have asserted a claim to recover damages as a result of the work of Maldonado.

71.   Allen has asserted a claim to recover damages as a result of the work of Maldonado.

72.   Unger has asserted a claim to recover damages as a result of the work of Maldonado.

73.   Perspective has asserted a claim to recover damages as a result of the work of Maldonado.

74.   Reade Street has asserted a claim to recover damages as a result of Maldonado's work.

75.   Chubb has asserted a claim to recover damages as a result of the work of Maldonado.

76.   State Farm has asserted a claim to recover damages as a result of the work of Maldonado.

77.   USAA has asserted a claim to recover damages as a result of the work of Maldonado.

78.   Liberty Mutual has asserted a claim to recover damages as a result of the work of Maldonado.

79.   Merrimack initiated the action captioned <u>Merrimack Mutual Fire Insurance Company a/s/o Reade Street Tenants Corp. v. Maldonado Construction Corp., et al.</u>, which is currently pending before the Supreme Court of New York, County of New York, with Index No. 156320/2016 (the "*Merrimack Action*").

80.   Merrimack alleges in the *Merrimack Action* that it has paid "at least" $309,540.79 in damages as a result of the work of Maldonado.

81.     Upon information and belief MBA and Severud have been or will be named as third-party defendants in the *Merrimack Action*.

82.     State Farm initiated the action captioned State Farm Fire and Casualty Company as subrogee of James Forman and Corby Bauman v. Perspective Construction Corp., et al., which is currently pending before the Supreme Court of New York, County of Queens, with Index No. 9707/2017 (the "*State Farm Action*").

83.     State Farm alleges in the *State Farm Action* to have paid claims for property damage and the loss of use of property as a result of the work of Maldonado.

84.     USAA initiated the action USAA Casualty Insurance Company as subrogee of Christina Allen v. Perspective Construction Corp., et al., which is currently pending before the Supreme Court of New York, County of New York, with Index No. 158734/2017 (the "*USAA Action*").

85.     USAA alleges in the *USAA Action* that it paid claims for damage to real and personal property "in excess of" $132,047.31.

86.     Liberty Mutual initiated the action captioned Liberty Mutual Fire Insurance Company a/s/o R.C. Unger v. Maldonado Construction Corp., et al., which is currently pending before the Supreme Court of New York, County of New York, with Index No. 158989/2017 (the "*Liberty Mutual Action*").

87.     Liberty Mutual alleges in the *Liberty Mutual Action* that it paid claims for damages to the real and personal property of Unger.

88.     U.S. Underwriters has timely and properly denied coverage for the claims asserted by the Bairds, Perspective, Chubb, Merrimack as subrogor of Reade Street, Reade Street, State Farm as subrogee of Forman and Bauman, Forman, Bauman, USAA as subrogee of Allen, Allen, Liberty Mutual as subrogee of Unger, and Unger as against Maldonado.

## AS AND FOR A FIRST CAUSE OF ACTION
(DECLARATORY JUDGMENT)

## NO COVERAGE IS AFFORDED TO MALDONADO, THE BAIRDS, PERSPECTIVE, CHUBB, STATE FARM, FORMAN, BAUMAN, USAA, ALLEN, LIBERTY MUTUAL, UNGER, MBA, SEVERUD OR ANY OTHER PERSON OR ENTITY FOR THE CLAIMS AT ISSUE BY OPERATION OF THE POLICY PROVISIONS

89.     The Plaintiff repeats and re-alleges each and every allegation contained in this complaint numbered "1" through "88" as if fully set forth at length herein.

90.     The Policy's Classification Limitation Endorsement limits the coverage afforded to Maldonado to claims arising from work within the classifications contained in the Policy's Declarations. *See* Form L-232s.

91.     The Policy covers only claims which arise from Maldonado's performance of "Carpentry-interior" and "Painting-interior-building or structures" work.  *See* Declarations Page, CL 150.

92.     Maldonado performed work at the Premises outside of the classifications set forth in the Policy.

93.     The claims at issue arose out of Maldonado's work outside of the limited classifications set forth in the Policy.

94.     As such, no coverage is afforded to Maldonado, Perspective, the Bairds, Chubb, Merrimack, or any other person or entity for the claims at issue by reason of the Policy's Classification Limitation Endorsement. *See* Form L-232s.

95.     Further, the claims at issue are excluded from coverage under the Policy, pursuant to the Policy's Absolute Professional Services exclusion, to the extent that such claims are predicated upon any insured's performance of professional services. *See* Form L-549.

96.     To the extent that a Consolidated Insurance Program was in effect for the work performed at the Premises giving rise to the claims at issue, no coverage is afforded for such claims by operation of the Policy's Operations Covered by a Consolidated (Wrap-Up) Insurance Program exclusion. *See* Form L-695.

97.     To the extent that Maldonado or any other insured assumed liability pursuant to a written contract, no coverage is afforded for such contractual claims pursuant to the Policy's Contractual Liability exclusion. *See* Form CG0001, Pg. 2; See also Form CG2139.

98.     To the extent that any claim is made for damage to property worked on by Maldonado or any other insured, no coverage is afforded for such claims pursuant to the Damage to Property exclusion. *See* Form CG0001, Pg. 4-5.

99.     To the extent that any claim is made for damage to Maldonado's product, or the product of any other insured, no coverage is afforded for such claims pursuant to the Damage to Your Product exclusion. *See* Form CG0001, Pg. 5.

100.     To the extent that any claim is made for damage to Maldonado's work, or the work of any other insured, no coverage is afforded for such claims pursuant to the Damage to Your Work exclusion. *See* Form CG0001, Pg. 5.

101.     To the extent that any claim is made for damage to impaired property or property not physically injured as a result of Maldonado's product or work, or the product or work of any other insured, no coverage is afforded for such claims pursuant to the Damage to Impaired Property or Property Not Physically Injured exclusion. *See* Form CG0001, Pg. 5.

102.     To the extent that any claim is made is made for any loss, cost or expense for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of Maldonado's work, product, the work or product of any other insured, or for impaired property,

no coverage for such claim is afforded pursuant to the Recall of Products, Work or Impaired Property exclusion. *See* Form CG0001, Pg. 5.

103.    For all of the reasons set forth above, U.S. Underwriters is entitled to a declaration that no coverage is afforded under the Policy to Maldonado, Perspective, the Bairds, Chubb, Merrimack, Reade Street, State Farm, Forman, Bauman, USAA, Allen, Liberty Mutual, Unger, MBA, Severud and/or any other person or entity, for the claims at issue against Maldonado as to the work performed at the Premises.

**AS AND FOR A SECOND CAUSE OF ACTION**
(RESCISSION)

**RESCISSION OF THE U.S. UNDERWRITERS' POLICY IS WARRANTED**

104.    The Plaintiff repeats and re-alleges each and every allegation contained in this complaint numbered "1" through "102" as if fully set forth at length herein.

105.    Maldonado made material misrepresentations in its application for insurance coverage pertaining to the type of work that it had performed and would perform during the policy period.

106.    Maldonado stated in its insurance application, dated December 23, 2014, that it did not perform any demolition work, except "incidental non-load bearing work."

107.    Maldonado also stated in the same application that its coverage classifications were: 1) "Carpentry-Interior"; 2) "Painting-interior-building or structures"; 3) "Additional Insured-Owners, Lessees or Contractors"; and 4) "Primary and Non-Contributory-Artisan Contractors."

108.    In the "Eligibility Criteria" section of the application, Maldonado stated that it performed "no exterior operations on buildings over 4 stories or exterior work above 50 ft. from ground level."

109.    In the "Additional Eligibility Information" section of the application, Maldonado stated that it had never, nor would it ever, perform any work in any other classification other than: 1) "Carpentry-Interior"; 2) "Painting-interior-building or structures"; 3) "Additional Insured-Owners, Lessees or Contractors"; and 4) "Primary and Non-Contributory-Artisan Contractors."

110.    In the same section of the application, Maldonado was asked to mark each classification representing work it had performed in the past, or that it would perform, from a selection of options that included classifications for "Concrete (Foundations/Retaining Walls)", "Structural Demolition", "Interior Demolition", and "Roofing."

111.    Maldonado    did    not    disclose    work    under    the    classification    "Concrete (Foundations/Retaining Walls)."

112.    Maldonado did not disclose work under the classification "Structural Demolition."

113.    Maldonado did not disclose work under the classification "Interior Demolition."

114.    Maldonado did not disclose work under the classification "Roofing."

115.    Maldonado represented that it had not performed any work falling within the classification "Concrete (Foundations/Retaining Walls)" and that it would not perform such work during the policy period.

116.    Maldonado represented that it had not performed any work falling within the classification "Structural Demolition" and that it would not perform such work during the policy period.

117.    Maldonado represented that it had not performed any work falling within the classification "Interior Demolition" and that it would not perform such work during the policy period.

118.   Maldonado represented that it had not performed any work falling within the classification "Roofing" and that it would not perform such work during the policy period.

119.   Maldonado described its operations in its application for insurance as "Interior Cabinet Installation & Finishing Work."

120.   Upon information and belief, Maldonado's work at the Premises included, but was not limited to, demolition work (including load-bearing demolition work), roof removal, construction of a temporary wall, demolition of a brick wall, concrete pouring, removal of a skylight, roof patching, door and subflooring installation, and floor installation.

121.   Upon information and belief, the Premises is more than four stories in height, and Maldonado performed exterior work at the Premises.

122.   Therefore, each of the above described statements contained in Maldonado's application for insurance were misrepresentations.

123.   U.S. Underwriters issued the Policy in reliance upon Maldonado's misrepresentations in its application for insurance.

124.   But for Maldonado's misrepresentations, U.S. Underwriters would not have issued the Policy.

125.   If Maldonado had disclosed to U.S. Underwriters the truth as to its work, U.S. Underwriters would not have issued the Policy.

126.   If Maldonado had disclosed to U.S. Underwriters the truth as to its work, U.S. Underwriters would have issued a policy to Maldonado different from the Policy.

127.   If Maldonado had disclosed to U.S. Underwriters the truth as to its work, U.S. Underwriters would have issued a policy to Maldonado with terms and conditions different from the Policy.

128.   If Maldonado had disclosed to U.S. Underwriters the truth as to its work, U.S. Underwriters would have issued a policy to Maldonado for premium different from the Policy.

129.   Therefore, U.S. Underwriters is entitled to rescind the Policy, and to a declaration that the Policy is void ab initio.

130.   As the Policy is void ab initio, no coverage is afforded to any person or entity for any claims asserted by the Bairds, Perspective, Chubb, Merrimack, Reade Street, State Farm, Forman, Bauman, USAA, Allen, Liberty Mutual, Unger, MBA, Severud and/or any other person or entity, against Maldonado or any other insured as to the work performed at the Premises.

   **WHEREFORE**, U.S. Underwriters Insurance Company demands judgment declaring that no coverage is afforded to Maldonado, Perspective Con, the Bairds, Chubb, Merrimack, Reade Street, State Farm, Forman, Bauman, USAA, Allen, Liberty Mutual, Unger, MBA, Severud and/or any other person or entity and/or any other person or entity, under the Policy for any of the claims and damage arising from the work at the Premises, as well as a declaration that the Policy is void ab initio, together with costs, disbursements and attorneys' fees for this action, and such other relief the Court may deem just, proper, and equitable.

Dated:      Mineola, New York
            December 15, 2017

                        **MIRANDA SAMBURSKY SLONE**
                        **SKLARIN VERVENIOTIS LLP**
                        Attorneys for Plaintiff
                        U. S. UNDERWRITERS
                        INSURANCE COMPANY

                        By: _____
                          Steven Verveniotis (SV 8800)
                          David M. Cassidy (DMC4174)
                          240 Mineola Boulevard
                          Mineola, New York 11501
                          (516) 741-7676
                          Our File No.: 16-082

                        21