UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                   :

U.S. UNDERWRITERS INSURANCE COMPANY,   :

                                   :    Case No.: 16-cv-9098-VM

                       Plaintiff,    :    Civil Action

                                   :

                -against-    :    **ANSWER**

                                   :

MALDONADO CONSTRUCTION CORP.,     :
PERSPECTIVE CONSTRUCTION CORP.,    :
MATTHEW BAIRD, ELIZABETH BAIRD, CHUBB :
INSURANCE COMPANY, MERRIMACK     :
MUTUAL FIRE INSURANCE COMPANY a/s/o  :
READE STREET TENANTS CORP., STATE FARM :
FIRE AND CASULTY COMPANY a/s/o JAMES  :
FORMAN, CORBY BAUMAN, USAA CASUALTY :
INSURANCE COMPANY a/s/o CHRISTINA   :
ALLEN, CHRISTINA ALLEN, LIBERTY MUTUAL :
FIRE INSURANCE COMPANY a/s/o R.C. UNGER, :
R.C. UNGER, MATTHEW BAIRD ARCHITECTS, :
P.L.L.C. and SEVERUD ASSOCIATES     :
CONSULTING ENGINEERS, P.C.,       :
                                   :

                    Defendants.   :
                                   :
------------------------------------------------------------------X

      Defendant Matthew Baird Architect, PLLC ("MBA"), by and through its attorneys,

Wasserman Grubin & Rogers, LLP, as and for its response to the Amended Complaint of U.S.

Underwriters Insurance Company ("U.S. Underwriters"), respectfully responds as follows:

**THE PARTIES**

   1.    Denies having knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph No. "1" of the Amended Complaint.

   2.    Denies having knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph No. "2" of the Amended Complaint.

3.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "3" of the Amended Complaint.

4.     MBA admit the allegations of Paragraph No. "4" of the Amended Complaint.

5.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "5" of the Amended Complaint.

6.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "6" of the Amended Complaint.

7.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "7" of the Amended Complaint.

8.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "8" of the Amended Complaint.

9.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "9" of the Amended Complaint.

10.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "10" of the Amended Complaint.

11.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "11" of the Amended Complaint.

12.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "12" of the Amended Complaint.

13.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "13" of the Amended Complaint.

14.    Upon information and belief, MBA admits the allegations of Paragraph No. "13" of the Amended Complaint.

15.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "15" of the Amended Complaint.

## JURISDICTION AND VENUE

16.     Paragraph No. "16" of the Amended Complaint sets forth a legal conclusion which is solely within the province of the Court to determine and as such does not require a response.

17.     Paragraph No. "17" of the Amended Complaint sets forth a legal conclusion which is solely within the province of the Court to determine and as such does not require a response.

18.     Paragraph No. "18" of the Amended Complaint sets forth a legal conclusion which is solely within the province of the Court to determine and as such does not require a response.

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "19" of the Amended Complaint.

## THE RELEVANT INSURANCE POLICY

20.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "20" of the Amended Complaint.

21.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "21" of the Amended Complaint.

22.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "22" of the Amended Complaint.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "23" of the Amended Complaint.

24.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "24" of the Amended Complaint.

25.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "25" of the Amended Complaint.

26.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "26" of the Amended Complaint.

27.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "27" of the Amended Complaint.

28.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "28" of the Amended Complaint.

29.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "29" of the Amended Complaint.

30.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "30" of the Amended Complaint.

31.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "31" of the Amended Complaint.

### THE UNDERLYING OCCURRENCE/CLAIMS/SUITS

32.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "32" of the Amended Complaint.

33.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "33" of the Amended Complaint.  MBA begs leave to refer to the Amended Complaint asserted in the action.  The claims at issue pertain to property damage caused by or arising from Maldonado Construction Corp.'s ("Maldonado") work on or about January 12, 2016 at 74-76 Reade Street, New York, New York (the "Premises").

34.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "34" of the Amended Complaint.  MBA begs leave to refer to the Amended Complaint asserted in the action.  The claims at issue are in connection to work performed by Maldonado at the Premises as the subcontractor of Perspective Construction Corp.

35.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "35" of the Amended Complaint.

36.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "36" of the Amended Complaint.

37.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "37" of the Amended Complaint.

38.    MBA denies U.S. Underwriters' characterization of MBA's responsibilities in connection with the work performed at the Premises set forth in Paragraph No. "38" of the Amended Complaint.

39.    MBA denies U.S. Underwriters' characterization of MBA's responsibilities in connection with the work performed at the Premises set forth in Paragraph No. "39" of the Amended Complaint.

40.    MBA denies U.S. Underwriters' characterization of MBA's responsibilities in connection with the work performed at the Premises set forth in Paragraph No. "40" of the Amended Complaint.

41.    MBA denies U.S. Underwriters' characterization of MBA's responsibilities in connection with the work performed at the Premises set forth in Paragraph No. "41" of the Amended Complaint.

42.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "42" of the Amended Complaint.

43.   MBA has alleged claims for some of the damages that the Bairds sustained were the result of Maldonado's and/or Perspective's work on the Premises as set forth in Paragraph No. "42" of the Amended Complaint.

44.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "44" of the Amended Complaint.

45.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "45" of the Amended Complaint.

46.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "46" of the Amended Complaint.

47.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "47" of the Amended Complaint.

48.   MBA admits that the Bairds have a liability policy with Pacific Indemnity Company as set forth in Paragraph No. "48" of the Amended Complaint.

49.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "49" of the Amended Complaint.

50.    MBA admits that the Bairds have a liability policy with Pacific Indemnity Company as set forth in Paragraph No. "50" of the Amended Complaint.

51.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "51" of the Amended Complaint.

52.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "52" of the Amended Complaint.

53.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "53" of the Amended Complaint.

54.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "54" of the Amended Complaint.

55.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "55" of the Amended Complaint.

56.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "56" of the Amended Complaint.

57.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "57" of the Amended Complaint.

58.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "58" of the Amended Complaint.

59.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "59" of the Amended Complaint.

60.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "60" of the Amended Complaint.

61.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "61" of the Amended Complaint.

62.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "62" of the Amended Complaint.

63.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "63" of the Amended Complaint.

64.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "64" of the Amended Complaint.

65.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "65" of the Amended Complaint.

66.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "66" of the Amended Complaint.

67.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "67" of the Amended Complaint.

68.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "68" of the Amended Complaint.

69.     MBA has asserted claims against Maldonado regarding the allegations set forth in Paragraph No. "69" of the Amended Complaint.

70.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "70" of the Amended Complaint.

71.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "71" of the Amended Complaint.

72.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "72" of the Amended Complaint.

73.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "73" of the Amended Complaint.

74.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "74" of the Amended Complaint.

75.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "75" of the Amended Complaint.

76.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "76" of the Amended Complaint.

77.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "77" of the Amended Complaint.

78.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "78" of the Amended Complaint.

79.     Paragraph No. "79" does not require a response for it is not an allegation but rather a statement.  As such MBA denies the same and begs leave to refer to any and all documents relating to the action identified therein.

80.     Paragraph No. "80" does not require a response for it is not an allegation but rather a statement.  As such MBA denies the same and begs leave to refer to any and all documents relating to the action identified therein.

81.     Paragraph No. "80" does not require a response for it is not an allegation but rather a statement.  As such MBA denies the same and begs leave to refer to any and all documents relating to the action identified therein.

82.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "82" of the Amended Complaint.

83.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "83" of the Amended Complaint.

84.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "84" of the Amended Complaint.

85.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "85" of the Amended Complaint.

86.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "86" of the Amended Complaint.

87.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "87" of the Amended Complaint.

88.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "88" of the Amended Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**
(DECLARATORY JUDGMENT)

**NO COVERAGE IS AFFORDED TO MALDONADO, THE BAIRDS, PERSPECTIVE, CHUBB, STATE FARM, FORMAN, BAUMAN, USAA, ALLEN, LIBERTY MUTUAL, UNGER, MBA SEVERUD OR ANY OTHER PERSON OR ENTITY FOR THE CLAIMS AT ISSUE BY OPOERATION OF THE POLICY PROVISIONS**

89.    Answering Paragraph No. "89" of the Amended Complaint, MBA repeats, reiterates and restates each and every response to the allegations set forth in Paragraphs Nos. "1" through "88" of the Amended Complaint as if fully set forth herein.

90.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "90" of the Amended Complaint.

91.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "91" of the Amended Complaint.

92.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "92" of the Amended Complaint.

93.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "93" of the Amended Complaint.

94.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "94" of the Amended Complaint.

95.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "95" of the Amended Complaint.

96.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "96" of the Amended Complaint.

97.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "97" of the Amended Complaint.

98.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "98" of the Amended Complaint.

99.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "99" of the Amended Complaint.

100.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "100" of the Amended Complaint.

101.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "101" of the Amended Complaint.

102.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "102" of the Amended Complaint.

103.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "103" of the Amended Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
(RESCISSION)

## RESCISSION OF THE U.S. UNDERWRITERS' POLICY IS WARRANTED

104. Answering Paragraph No. "104" of the Amended Complaint, MBA repeats, reiterates and restates each and every response to the allegations set forth in Paragraphs Nos. "1" through "103" of the Amended Complaint as if fully set forth herein.

105. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "105" of the Amended Complaint.

106. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "106" of the Amended Complaint.

107. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "107" of the Amended Complaint.

108. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "108" of the Amended Complaint.

109. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "109" of the Amended Complaint.

110. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "110" of the Amended Complaint.

111. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "111" of the Amended Complaint.

112. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "112" of the Amended Complaint.

113.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "113" of the Amended Complaint.

114.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "114" of the Amended Complaint.

115.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "115" of the Amended Complaint.

116.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "116" of the Amended Complaint.

117.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "117" of the Amended Complaint.

118.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "118" of the Amended Complaint.

119.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "119" of the Amended Complaint.

120.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "120" of the Amended Complaint.

121.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "121" of the Amended Complaint.

122.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "122" of the Amended Complaint.

123.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "123" of the Amended Complaint.

124.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "124" of the Amended Complaint.

125.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "125" of the Amended Complaint.

126.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "126" of the Amended Complaint.

127.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "127" of the Amended Complaint.

128.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "128" of the Amended Complaint.

129.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "129" of the Amended Complaint.

130.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. "130" of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

131.  The Amended Complaint fails to state a cause of action upon which relief may be granted.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

132.  U.S. Underwriters' claims are barred by the doctrine of unclean hands, waiver, laches and estoppel.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

133.  U.S. Underwriters' claims are barred by the doctrine of unjust enrichment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

134. U.S. Underwriters has failed to mitigate damages, and as such its claims are barred or limited to the extent of any such failure to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

135. MBA reserves the right to assert such additional affirmative defenses based on such facts as may be revealed through discovery in this action.

## CROSS-CLAIM

## AS AND FOR ITS CROSS-CLAIM AGAINST MALDONADO CONSTRUCTION CORP., PERSPECTIVE CONSTRUCTION CORP., and SEVERUD ASSOCIATES CONSULTING ENGINEERS, P.C.,

### Contribution and Indemnification

136. Upon information and belief, that if Plaintiff sustained the injuries, losses and damages complained of in the Complaint, such injuries, losses and/or damages were caused by the negligence, carelessness, assumption of risks, breaches of warranties, violations of obligations, strict products liability or other culpable conduct of Defendants Maldonado Construction Corp., Perspective Construction Corp, and Severud Associates Consulting Engineers, P.C., individually and/or collectively, and/or their agents, servants and/or employees.

137. Upon information and belief, if MBA is adjudged herein liable to Plaintiff U.S. Underwriters in any manner, MBA will, or may be entitled to be indemnified for the full amount of any judgment obtained as against it by the Plaintiff and/or MBA may be entitled to receive contribution for the proportionate share of liability attributable to Defendants Maldonado Construction Corp., Perspective Construction Corp., and Severud Associates Consulting Engineers, P.C., individually and/or collectively, and/or their agents, servants and/or employees.

**WHEREFORE**, Defendant Matthew Baird Architect, PLLC, denies that Plaintiff U.S. Underwriters Insurance Company is entitled to any of the relief sought in the Amended Complaint and respectfully requests that the Court dismiss Plaintiff's claims in their entirety, with prejudice, and award Matthew Baird Architect, PLLC its costs and attorneys' fees incurred in the defense of this matter, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 7, 2018

WASSERMAN GRUBIN & ROGERS, LLP

By:_____
Michael T. Rogers
James Tai
1700 Broadway, 42nd Floor
New York, New York 10019
(212) 581-3320
*Attorneys for Defendant*
*Matthew Baird Architect, PLLC*